# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **THOMAS BROWN, for C.B., a minor,** <br><br> Plaintiff, <br><br> v. <br><br> **CANYONS SCHOOL DISTRICT, a Utah governmental entity; JOHN CARRELL, an individual; and JOHN DOES I-V,** <br><br> Defendants. | **REPORT AND RECOMMENDATION** <br><br><br> Case No. 2:16-cv-00270-DN-PMW <br><br><br> **Chief District Judge David Nuffer** <br><br> **Chief Magistrate Judge Paul M. Warner** |

Chief District Judge David Nuffer referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Defendant John Carrell's ("Carrell") motion to dismiss[2] and Plaintiff's motion for partial summary judgment.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 16.

[2] *See* docket no. 29.

[3] *See* docket no. 30.

# RELEVANT BACKGROUND

This case was removed from Utah state court on April 5, 2016.[4] On April 27, 2016, Carrell filed an answer to the complaint.[5]

On September 1, 2016, Chief Judge Nuffer issued an order for a schedule, which required Plaintiff to propose a schedule for this case to Carrell on or before September 13, 2016, and required the parties to make initial disclosures on or before October 11, 2016.[6]

On September 19, 2016, Carrell filed a motion to dismiss based upon Plaintiff's failure to prosecute this case, in which he alleged that he never received a proposed schedule from Plaintiff by the above-referenced deadline.[7] Accordingly, the court issued an order directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute under rule 41(b) of the Federal Rules of Civil Procedure.[8] Plaintiff was directed to respond to the court in writing on or before September 30, 2016.[9]

On September 23, 2016, Plaintiff filed a response indicating that he was unsure about how to proceed under the court's September 1, 2016 order, given that Carrell is proceeding pro

---

[4] *See* docket no. 2.

[5] *See* docket no. 13.

[6] *See* docket no. 20.

[7] *See* docket no. 21.

[8] *See* docket no. 22.

[9] *See id*.

se and is currently incarcerated.[10] Along with the response, Plaintiff filed a proposed scheduling order.[11]

On September 26, 2016, the court ordered Carrell to respond to the proposed scheduling order.[12] After receiving Carrell's response, the court denied Carrell's motion to dismiss for failure to prosecute[13] and entered a scheduling order.[14] The scheduling order contained the same deadline previously ordered by the court for initial disclosures, October 11, 2016.[15] It appears that Plaintiff did not provide his initial disclosures to Carrell by that deadline. However, Plaintiff now indicates that his initial disclosures were provided to Carrell on November 9, 2016.[16]

On November 9, 2016, Carrell filed the motion to dismiss before the court.[17] On November 11, 2016, Plaintiff filed the motion for partial summary judgment before the court.[18]

---

[10] *See* docket no. 23.

[11] *See id*.

[12] *See* docket no. 24.

[13] *See* docket no. 26.

[14] *See* docket no. 27.

[15] *See id*.

[16] *See* docket no. 33.

[17] *See* docket no. 29.

[18] *See* docket no. 30.

**ANALYSIS**

**I. Carrell's Motion to Dismiss**

The thrust of Carrell's motion is that this action should be dismissed based upon Plaintiff's failure to provide initial disclosures and prosecute this case in a timely fashion. Plaintiff bases his motion upon rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure.

In relevant part, rule 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). That rule goes on to provide certain orders that *may* be issued, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). In pertinent part, rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

> The court's discretion includes dismissing a case for discovery violations. Dismissal is a severe sanction; therefore, it should be imposed only if a lesser sanction would not serve the ends of justice. The district court should consider the following factors when considering whether dismissal is an appropriate sanction: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.

*LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (quotations and citations omitted).

The court turns to addressing those factors in this case. First, Plaintiff's failure to provide initial disclosures or prosecute this case in a timely fashion does not appear to have imposed a high level of actual prejudice to Carrell. Indeed, Plaintiff has indicated that, since the filing of Carrell's motion, Plaintiff's initial disclosures have been provided to Carrell and that discovery is ongoing. Second, Plaintiff's failures have not imposed a high degree of interference with the judicial process. While this case has been pending for quite some time, it is still in the relatively early stages of litigation. Third, although Plaintiff does have some culpability in failing to provide initial disclosures and prosecute this case, he has provided an adequate explanation for those failures. Fourth, Plaintiff has received no warning from the court that dismissal was a possible sanction. Finally, given the relatively benign nature of Plaintiff's failures to date, the court is not convinced that dismissal is an appropriate sanction. In fact, the court is unpersuaded that any sanction is necessary or appropriate. Notably, Carrell does not request a lesser sanction.

Based on consideration of the relevant factors, the court concludes that dismissal is not an appropriate sanction. Accordingly, Carrell's motion to dismiss should be denied.

**II. Plaintiff's Motion for Partial Summary Judgment**

In relevant part, rule 56-1(b) of the Rules of Practice for the United States District Court for the District of Utah provides:

> A motion for summary judgment must include the following sections:
>
> (1) An introduction summarizing why summary judgment should be granted;
>
> (2) A section entitled "Statement of Elements and Undisputed Material Facts" that contains the following:

5

> > (A) Each legal element required to prevail on the motion;
> >
> > (B) Citation to legal authority supporting each stated element (without argument);
> >
> > (C) Under each element, a concise statement of the material facts necessary to meet that element as to which the moving party contends no genuine issue exists. Only those facts that entitle the moving party to judgment as a matter of law should be included in this section. Each asserted fact must be presented in an individually numbered paragraph that cites with particularity the evidence in the record supporting each factual assertion (e.g., deposition transcript, affidavit, declaration, and other documents).
>
> (3) An argument section explaining why under the applicable legal principles the asserted undisputed facts entitle the party to summary judgment.

DUCivR 56-1(b)(1)-(3) (footnote omitted).

Plaintiff's motion fails to comply with these requirements. Furthermore, it is not entirely clear what Plaintiff's motion seeks. It appears as though the motion is seeking summary judgment as to liability on all claims alleged against Carrell, yet Plaintiff has not conformed with the requirements set forth above for each of the causes of action alleged against Carrell. For that reason, Plaintiff's motion for partial summary judgment should be denied.

## **CONCLUSION AND RECOMMENDATION**

In summary, IT IS HEREBY RECOMMENDED that:

1. Carrell's motion to dismiss[19] be **DENIED.**

---

[19] *See* docket no. 29.

2. Plaintiff's motion for partial summary judgment[20] be DENIED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of September, 2017.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[20] *See* docket no. 30.